# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 6:03-CR-76-01 |
| | § | |
| DARRYL WALLACE | § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On April 30, 2010, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant, Darryl Wallace. The government was represented by Allen Hurst, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by the court-appointed federal defender, Wayne Dickey.

Defendant originally pleaded guilty to Mailing a Threatening Communication in Violation of 18 U.S.C. § 876, a Class D felony. The offense carried a statutory maximum imprisonment term of 5 years. The United States Sentencing Guideline range, based on a total offense level of 14 and a criminal history category of VI,[1] was 37 to 46 months. On November 8, 2004, U.S. District Judge William M. Steger sentenced Defendant to 37 months of imprisonment followed by a term of three years of supervised release, subject to the standard conditions of release, plus special conditions to include treatment for substance abuse, mental health treatment, and a condition that while under supervised release— and as long as his sister Jocklyn Wallace is agreeable— Defendant shall reside with Jocklyn Wallace. On August 22, 2008, Defendant completed the term of imprisonment and began the term of supervised release.

---

[1] At the time of the original offense, Defendant was classified as a career offender within the meaning of U.S.S.G. § 4B.1.

Under the terms of supervised release, Defendant was prohibited, in relevant part, from unlawful use or possession of a controlled substance. In its petition, the government alleges that Defendant violated his condition of supervised release by: (1) possessing cocaine in his residence, (2) providing a urine specimen which tested positive for cocaine, (3) failing to report to the United States Probation Office on March 29, 2010, (4) attempting to prevent a probation officer from conducting a home visit, and (5) possessing drug paraphernalia.

If the Court finds by a preponderance of the evidence that Defendant committed these supervised release violations, a statutory sentence of no more than two years of imprisonment may be imposed. 18 U.S.C. § 3583(e)(3). Pursuant to § 7B1.1(a) of the Sentencing Guidelines, violating a condition of supervision by conviction for the offense of possession of cocaine would constitute a Grade B violation, for which the Court shall revoke Defendant's term of supervised release in favor of a term of imprisonment. U.S.S.G. § 7B3.1(a)(1). Under the same statute, violating a condition of supervision by providing a urine specimen which tested positive for cocaine; for failing to report to the United States Probation Office on March 29, 2010, for attempting to prevent a probation officer from conducting a home visit, and for possessing drug paraphernalia would constitute a Grade C violation. Under the Sentencing Guidelines, where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade. U.S.S.G. § 7B1.1(b). Considering Defendant's criminal history category of IV, the Guideline imprisonment range is 21 to 24 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the conditions of supervision by possessing cocaine

as alleged in the government's petition. In exchange, the government agreed to recommend that Defendant serve 21 months in prison with no supervised release to follow. The government further moved to abandon all remaining allegations upon entry of judgment.

Pursuant to the Sentencing Reform Act of 1984 and the agreement of the parties, the Court **RECOMMENDS** that Defendant, Darryl Wallace, be committed to the custody of the Bureau of Prisons for a term of imprisonment of 21 months with no supervised release to follow. The Court further **RECOMMENDS** that the place of confinement be Terre Haute, Indiana.

The parties have waived their right to object to the findings of the Magistrate Judge in this matter so the Court will present this Report and Recommendation to District Judge Leonard Davis for adoption immediately upon issuance.

**So ORDERED and SIGNED this 30th day of April, 2010.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE